## Hays v. Metropolitan Life Ins. Co.

March 14, 1941.

Reid Prewitt for appellant.

J. J. Winn for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

On March 20, 1935, the Metropolitan Life Insurance Company issued to Vernal L. Hays an accident policy insuring him against bodily injuries caused directly and independently of all other causes by violent and accidental means.

Hays was employed as manager of a gasoline filling station, and among his duties were changing and repairing automobile tires, lubricating cars, and selling gasoline and automobile accessories. On October 23, 1937, while changing a tire, the jack slipped and caused the tire tool he was using to strike his abdomen with great force. He remained in bed under his physician's orders until November 1, 1937, when he was operated upon for hernia which had resulted from the accident. He returned to work January 15, 1938, but on account of his physical condition was able to perform only part of his duties until July 15, 1938, when a second operation became necessary. After the second operation he was unable to return to work until September 15, 1938. He brought this action on the policy to recover $582.90, and the company defended on the ground that his injury was not covered by the policy. The plaintiff testified, and the only other witness introduced by him was Dr. Russell Henry who treated him during his disability and performed the two operations. At the conclusion of the plaintiff's evidence the court sustained the defendant's motion for a directed verdict in its favor, and the plaintiff has appealed.

Plaintiff claimed that the company was liable under clause 2, clause 3, and clause 8 of the policy, and the company relied upon the specific exclusion contained in clause 9, which reads:

"This insurance shall not cover * * * hernia of any kind, whether incurred before or after the date of this policy, or disability, death or any other loss resulting therefrom whether the hernia be

caused or aggravated by violent or accidental means or otherwise.''

Clause 2 of the policy provides for the payment to the insured of a weekly indemnity of $15 for total disability. Clause 3 provides that the company will pay the insured $7.50 weekly for a period not exceeding 26 weeks for partial disability. Clause 8 reads:

"If any injury covered by this policy shall, within ninety days from the date of the accident, directly and independently of all other causes, necessitate any surgical operation named in the Schedule of Surgical Operations endorsed hereon, the Company will pay the insured the sum set opposite the said operation in the said schedule, provided always that, if more than one such operation shall be necessitated as the result of any one accident, payment shall be made only for the operation first occurring.''

The amount allowed for an abdominal operation was $60.

In his petition as amended the plaintiff sought to recover $60 for the first operation; $162.90 for total disability from October 25, 1937, to January 15, 1938; $180 for partial disability from January 15, 1938, to July 15, 1938; $120 for total disability from July 15, 1938, to September 15, 1938; and $60 for partial disability from September 15, 1938, to November 15, 1938. Clearly, appellant is not entitled to recover $60 for the first operation since his physician testified that it was solely for the hernia, and hernia or any loss resulting therefrom is excluded by clause 9 of the policy. Under the terms of the policy there can be no recovery for a hernia nor for an operation therefor nor for any total or partial disability resulting therefrom. It is appellant's contention, however, that he suffered an injury at the time of the accident in addition to the hernia, and that he is entitled to compensation under the policy for the disability caused by such additional injury. Dr. Henry testified that in addition to the hernia appellant suffered a partial paralysis of the bladder for 36 hours, and that his intestines were bruised and injured by the blow in his abdomen. These injuries resulted in adhesions, which necessitated the operation of July 15, 1938. The hernia had no connection with the adhesions or the

disability resulting therefrom. The proof is not clear as to what percentages of appellant's disability were due respectively to the hernia and the other injuries not connected with the hernia, but that part of appellant's disability was due to injuries other than the hernia is apparent. Dr. Henry testified that if no hernia had resulted appellant would have been totally disabled for at least two weeks from the blow in his abdomen. The hernia had nothing to do with the second operation or the disability following it, and it is deducible from Dr. Henry's testimony that, at least, part of appellant's disability existing prior to the second operation was due to injuries independent of the hernia. We think there was ample evidence to authorize the submission of the case to the jury, and that the court erred in sustaining appellee's motion for a directed verdict in its favor.

The judgment is reversed for further proceedings consistent herewith.